UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-cr-20248-MARTINEZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PRENTISS MADDEN,

    Defendant.

_____/

## AMENDED OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

Defendant, PRENTISS MADDEN, hereby makes the following factual and legal objections to his Pre-Sentence Report ("PSI"):

## Introduction

The following legal principles provide the bases for Madden's request that the facts of his case be presented accurately in his PSI. First, a PSI follows the defendant throughout his time in jail and under supervision; accordingly, it needs to be accurate to insure the defendant is treated appropriately. Second, the proponent of a sentencing adjustment bears the burden of proving the facts necessary to support the adjustment. *United States v. Sepulveda*, 115 F.3d 882, 890 (11th Cir. 1997); *United States v. Patrick*, 983 F.2d 206, 208 (11th Cir. 1993). Third, under Rule 32(i)(3)(B), Federal Rules of Criminal Procedure, where the defendant disputes a factual matter in the PSI, the sentencing court must "rule on the dispute or determine that a ruling is unnecessary because the matter will not affect sentencing, or because the court will not consider the matter in sentencing."

CASE NO.: 21-cr-20248-MARTINEZ

**Objections**

**Paragraph 5**: The PSI alleges that some of the files uploaded to a shared dropbox folder were previously identified by NCMEC as child pornography.  The PSI goes on to list 3 specific files in Paragraphs (a), (b) and ( c).  Madden asks this Court to strike this list from the PSI.  Madden's factual proffer does not identify these 3 videos and, therefore, he has made no admission regarding these 3 specific videos.

**Paragraph 15:** This paragraph discusses a folder discovered within the dropbox files.  Apparently someone posed as a female to coax high schoolers (who are not necessarily minors) to send photographs of themselves.  When and/or by whom this folder was uploaded to a shared dropbox site is unknown.  Any allegation that Madden was involved with, had any connection to the folder or ever accessed it is absent.  Rather, it appears the person who committed the offense was a fellow student.  This entire paragraph should be stricken.

**Paragraph 16:** The first sentence of subparagraph (a) and the following three subparagraphs (b), ( c), (d) detail chats between a person "believed to be Madden" and another that discuss conduct that is neither charged nor contained in Madden's factual proffer.  The messages pre-date the charged crimes by as much as 2 years.  And, while Probation suggests Madden "admitted" to sexual abuse (see  footnote on bottom of page 10 of the PSI), Madden has made no such admission.  These paragraphs should be stricken from the PSI to insure Madden is not punished for text messages he has not even admitted sending.

CASE NO.: 21-cr-20248-MARTINEZ

**Paragraphs 22-33:** These paragraphs detail messages between a person named "Griffin" and someone believed to be Madden. Many of these messages predate the charged offenses by as much as 3 years. Although the content of the messages is offensive, there was no transmission of images or evidence that any of the conduct discussed ever actually occurred. In addition, Madden has never admitted that *he* sent *these* messages or did the things discussed. They should be removed from the PSI.

**Paragraph 38:** Madden objects to the sentence that begins "On October 10, 2019..." through the end of this paragraph. Madden has neither admitted to sending this message nor the conduct described. This portion of the paragraph should be stricken.

**Paragraph 67**: Madden objects to the 4 level enhancement recommended by Probation pursuant to § 2G2.2(b)(4). The PSI does not identify which images portray sadistic, masochistic, or violent conduct. Probation's opinion that the images (like those involving an animal) qualify is insufficient. *United States v. Rogers*, 989 F.3d 1255, 1262 (11th Cir. 2021) ("[T]he inquiry should focus on whether the image depicts conduct that an objective observer would perceive as sadistic, masochistic, or violent, rather than making subjective determinations about the thoughts or intentions of the specific individuals being depicted." (Internal citation omitted)).

**Paragraph 68:** According to Probation, Madden engaged in a pattern of activity of activity involving the sexual abuse or exploitation of a minor warranting a 5-level enhancement pursuant to § 2G2.2(b)(5). This paragraph does not describe the conduct upon which Probation relied to come to the conclusion that this enhancement applies.

CASE NO.: 21-cr-20248-MARTINEZ

However, a reading of the commentary demonstrates unequivocally that:

> "Sexual abuse or exploitation" does not include possession, accessing with intent to view, receipt, or trafficking in material relating to the sexual abuse or exploitation of a minor.

§ 2G2.2, Application Note 1.  Thus, Madden's receipt and possession of child pornography does not qualify as sexual abuse or exploitation.

**Paragraph 45**: Madden objects to Probation's calculation of his adjusted and total offense levels.  When the enhancements are removed from the calculation, Madden's offense level should be 28.  With a criminal history category of I, Madden's advisory guideline range is 78 to 97 months.

**Paragraph 142**: Madden also objects to Probation's suggestion that this Court consider the conduct described in text messages allegedly sent by Madden.  Again, Probation has taken the liberty of describing the messages as admissions that the offenses occurred.  For the reasons set forth in the objections to Paragraphs 16, 22-23 and 38, this recommendation should be disregarded and the paragraph stricken.

Respectfully submitted,

*/s/ Michael Mirer*

**MICHAEL MIRER, ESQ.**
100 N. Biscayne Blvd.
Suite 1300
Miami, Florida 33130
Telephone:   (305) 536-6177
Facsimile:   (305) 536-6179
E-mail:      michael@mirerlaw.com
Florida Bar No. 119490

CASE NO.: 21-cr-20248-MARTINEZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically this 14th day of September, 2021.

_/s/ Michael Mirer_
**MICHAEL MIRER, ESQ.**