UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   21-20248-CR-MARTINEZ

UNITED STATES OF AMERICA

v.

PRENTISS K. MADDEN,

                **Defendant.**
_____/

**UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO THE
PRESENTENCE INVESTIGATION REPORT**

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, and hereby responds to the objections to the Presentence Investigation Report ("PSI") submitted by the defendant, Prentiss K. Madden.

## BACKGROUND

As a result of a cyber tip issued by the National Center for Missing and Exploited Children (NCMEC), members of Homeland Security Investigations (HSI) began an investigation that led to the arrest of the defendant for receipt of child pornography, possession of child pornography, and creation of an animal crush video.  Agents obtained the contents of an identified Dropbox account containing the child pornography and used the related subscriber data to link the defendant's IP address, email address, and residential address to the Dropbox account.  They then obtained a search warrant for the defendant's residence, and located an iPhone X, an iPhone 12, and an Apple laptop computer.  The defendant admitted that these were his devices, provided the passcodes for the devices, admitted that he lived alone since 2018, and admitted that he was the owner of the identified Dropbox account.  A search of the two iPhones showed that the defendant received

1

images of child pornography using the devices, and that he stored child pornography on the devices to include videos depicting sexual acts being performed toddlers.

A further analysis of the defendant's phones produced social media chat conversations in which the defendant admits to having sex with a person under the age of 16 years. Agents went on to locate chats between the defendant and the above-described minor in which the defendant discusses previous sexual encounters with the victim, and plans future encounters. During these chats, photos of the victim are exchanged, and the victim has since identified the conversations and photos, and verified that the conversations were with a person that the victim recognized as the defendant.

On March 16, 2021, the defendant was arrested on a criminal complaint issued in this case. Then, on April 28, 2021, a federal grand jury in the Southern District of Florida returned an indictment charging the defendant with three counts of receipt of child pornography, in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1); one count of possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2); and one count of creation of an animal crush video, in violation of Title 18, United States Code, Section 48(a)(2)(B) (DE 18). On July 29, 2021, the defendant plead guilty to all five counts of the indictment (DE 38; DE 39).

The defendant's sentencing hearing is scheduled for October 8, 2021 (DE 40). The PSI shows that the defendant's advisory sentencing guideline range is 210 – 262 months based on a total offense level of 37 and criminal history category of I (PSI ¶¶ 78, 81, 127).

On September 9, 2021, the defendant filed written objections to the PSI (DE 43), and amended objections to the PSI on September 14, 2021 (DE 44). In sum, the defendant objects to a four-level increase for an offense involving *either* sadistic or masochistic conduct or other

depictions of violence, or sexual abuse or exploitation of an infant or toddler pursuant to USSG § 2G2.2(b)(4); a five-level increase for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor; and he objects to factual conclusions in paragraphs 5, 15, 16, 22, 23, and 38.

The United States objects to striking paragraphs 5, 15, 16, or 38, and argues that both the enhancement for material involving the abuse or exploitation of a toddler, and the enhancement for a pattern of activity involving the sexual abuse or exploitation of a minor apply.

## ANALYSIS

**A. An enhancement for material involving the sexual abuse of an infant or toddler applies.**

The Sentencing Guidelines prescribe a four-level increase for an offense involving material that portrays either sadomasochistic conduct or depictions of violence, or material that portrays the sexual abuse or exploitation of an infant or toddler. USSG § 2G2.2(b)(4). This guideline is framed in the disjunctive, allowing the Court to apply the enhancement *either* for sadomasochistic content or material involving the sexual abuse of infants or toddlers.

Sexual abuse is defined under USSG § 2G2.2, cmt. n.1 as "conduct described in 18 U.S.C. § 2241, § 2242, § 2243 …" USSG § 2G2.2, cmt. n.1. 18 U.S.C. § 2242 defines sexual abuse to include engaging in a sexual act with another person if that other person is (A) incapable of appraising the nature of the conduct; or (B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act. 18 U.S.C. § 2242(2)(B). Therefore, engaging in a sexual act with an infant or toddler constitutes sexual abuse, as a toddler can neither appraise the nature of the conduct, nor physically decline participation. Since the defendant

possessed twelve videos depicting a sexual act involving an infant or toddler, this enhancement would apply.

The defense argues that this enhancement does not apply solely on the grounds that there was no sadomasochistic content discovered. The government disagrees with this characterization and argues that a video discovered in the defendant's possession depicting a preteen girl, tied up, engaging in sexual activity with a dog would constitute a depiction of sadistic, masochistic, or violent conduct that qualifies for an enhancement pursuant § 2G2.2(b)(4). However, even if the Court disagrees with the government's assessment of this evidence, the enhancement still applies, because there is evidence that the defendant possessed twelve videos that depict the sexual abuse of infants or toddlers during the course of his relevant conduct.

### B. An enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor applies.

The Sentencing Guidelines prescribe a five-level increase if the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. USSG § 2G2.2(b)(5). A pattern of activity involving the sexual abuse or exploitation of a minor is defined in the comments as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." USSG § 2G2.2, cmt. n.1. As previously noted, the Sentencing Guidelines define sexual abuse or exploitation to include conduct described in 18 U.S.C. § 2243, which criminalizes engaging in a sexual act with a person who has attained the age of 12 years but has not attained the age of 16 years; and is at least four years younger than the person so engaging. 18 U.S.C. § 2243.

In this case, the government will present evidence that will show that the defendant had sex with a person who was under 16 years old at least two times, and that at the time, the defendant was over the age of 30. Therefore, because this conduct meets the elements for the *conduct* proscribed by 18 U.S.C. § 2243, it would qualify as sexual abuse or exploitation according to USSG § 2G2.2, cmt. n.1. The fact that the conduct occurred at least two times, establishes the pattern of activity involving the sexual abuse or exploitation of a minor, also defined by USSG § 2G2.2, cmt. n.1.

The defendant argues that paragraph 68 does not describe the qualifying conduct, and goes on to argue that his possession of child pornography does not qualify as sexual abuse or exploitation. However, the Court is not limited to a consideration of the charged offense conduct. To establish a pattern of activity involving the sexual abuse or exploitation of a minor, the Court may consider evidence of conduct whether or not the abuse or exploitation occurred during the course of the offense, involved the same minor, or resulted in a conviction for such conduct. USSG § 2G2.2, cmt. n.1. Therefore, evidence or testimony that the defendant engaged in the sexual abuse of a person 12 years of age but less than 16 years of age, when the victim was at least four years younger than the defendant is sufficient to establish this five-level enhancement.

**C. Paragraphs 5, 15, 16, and 38 are accurate and relevant for the Court's consideration.**

Paragraphs 5, 15, 16, and 38 are relevant conduct and the government will present evidence at sentencing to support these allegations. The fact that the defendant did not admit the allegations contained in these paragraphs does not form a basis to strike them from the PSI, so long as they are supported by the facts uncovered during the investigation.

Paragraph 5 describes three videos located on the defendant's Dropbox account that were reported to the National Center for Missing and Exploited Children (NCMEC) as suspected child pornography. While the defendant did not admit to possessing these specific videos in his factual proffer, the evidence presented at sentencing will show that he did, in fact, possess the videos. This possession is relevant to the defendant's sentencing, both to establish the overall scope of his conduct, but also to support an enhancement for material that portrays sadistic, masochistic, or violent conduct.

Paragraph 15 describes the content of a folder in the defendant's Dropbox account titled, "Grayson High School." Specifically, it describes child exploitation imagery of students who appeared to be "catfished" or lured into providing images of themselves by a person pretending to be female. Paragraph 15 acknowledges that the defendant denied catfishing anyone and it also acknowledges that law enforcement ultimately found the person responsible for catfishing the students. However, the defendant's possession of these images is relevant conduct for the Court's consideration as it relates to count four, possession of child pornography.

Paragraph 16 describes social media chats discovered on the defendant's phone that discuss the sexual abuse of animals and children, and in which the defendant receives images and video of child pornography. The chats also include conversations in which the owner of the device describes their involvement in the sexual abuse of a 15-year-old minor. This evidence is not only relevant to the alleged charges, but it places the defendant's intent in context, and supports an enhancement for a pattern of activity involving the sexual abuse or exploitation of a minor.

Paragraph 38, and specifically the sentence that begins, "On October 10, 2019…" and continues through the end of the paragraph discusses the defendant's sexual abuse of a minor. That portion of paragraph 38 details both the abusive acts themselves, and identifying details that

6

match information learned by law enforcement from chats located on the defendant's phone, as well as from information provided by one of the defendant's victims who is the subject of the referenced conversation. This evidence is relevant to show that the defendant's conduct was not limited to the receipt or possession of images and videos, but included the sexual abuse of a minor, supporting a five-level enhancement.

### D. The government objects to the defendant's guideline calculations.

The government objects to the defendant's guideline calculations as outlined above. The evidence and testimony presented at sentencing will support the calculations as written in paragraphs 64-78, 81, and 127 of the PSI, which calculate a total offense level of 37 and a criminal history category of I, giving the defendant a guideline range of 210-262 months.

### E. The government does not object to striking paragraphs 22 and 23.

The government does not object to striking paragraphs 22 and 23.

### F. Time for sentencing to exceed one hour.

Due to the volume of evidence to be presented at sentencing and the number of challenges raised by the defense, the government estimates that the sentencing hearing will take approximately 90 minutes. The government plans to offer testimony from two or three witnesses.

## CONCLUSION

Based on the foregoing, the United States respectfully submits that the enhancements for the sexual abuse of a toddler or an infant and a pattern of activity involving the sexual abuse or exploitation of a minor apply in this case. The government also objects to striking paragraphs 5, 15, 16, and 38, and will present evidence at sentencing to support the allegations contained therein.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By: **/s/Christopher H. Hudock**
Christopher H. Hudock
Assistant United States Attorney
Florida Bar# 92454
101 South U.S. Highway 1
Suite 3100
Fort Pierce, Florida 34950
Telephone: (772) 293-0951
Email: Christopher.hudock@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by either regular U.S. mail or inter-office delivery.

**/s/Christopher H. Hudock**
Christopher H. Hudock
Assistant United States Attorney